[Civ. No. 61850. Second Dist., Div. Four. May 6, 1982.]

SEA RAIL TRUCKLOADS, INC., Plaintiff and Respondent, v. PULLMAN, INC., et al., Defendants and Appellants.

512

**COUNSEL**

Coskey, Coskey & Boxer and Mary Ellen Baldridge for Defendants and Appellants.

No appearance for Plaintiff and Respondent.

OPINION

BOBB, J.*—Appellants, Pullman, Inc. and Pullman Trailmobile Division, appeal from an order for issuance of an ex parte prejudgment writ of possession and an order denying their application to recall the order for issuance of the writ of possession.

This case arises out of the unusual circumstance of a debtor trying to repossess collateral from his creditor by means of an ex parte writ of possession. Between December 12, 1979, and February 14, 1980, respondent, Sea Rail Truckloads, Inc., leased 20 trailer vans pursuant to written rental agreements, and purchased 10 other trailer vans from appellants pursuant to an installment sales contract and security agreement. The rental agreements provided that respondent would lease the vans for four years for a monthly rental charge. The retail installment sales contract and security agreement provided that: (i) respondent would purchase from appellants 10 used trailer vans for a sum to be paid in 48 monthly installments; (ii) respondent would have possession of the vans for so long as it performed all its obligations to appellants; and (iii) in the event that respondent defaulted in any obligation to appellants, appellants could sell the vans and obtain the deficiency from respondent.

Several months later respondent concluded that it could no longer afford the monthly rental and installment sales payments. Accordingly, between June 23, 1980, and July 24, 1980, respondent returned the 30 vans to appellant. Having failed to make some earlier payments, respondent stopped making payments altogether after June 1980. Appellants construed this conduct as a voluntary repossession of the vans and orally informed respondent that they were considering selling the vans pursuant to the security agreement.

On September 5, 1980, respondent applied for an ex parte writ of possession for the 10 trailer vans which were being purchased pursuant to the installment sales contract.

In addition to the above facts the trial court had before it the following evidence: Respondent returned the 10 vans to appellants on July 24, 1980, pursuant to its understanding that appellants would attempt to find another buyer at the original sales price. A week later, respondent

*Assigned by the Chairperson of the Judicial Council.

determined that it could perform the installment sales contract. Respondent asked appellants to return the 10 vans. Appellants orally refused, claiming that the vans had been repossessed and would be sold in accordance with appellants' statutory and contract rights. The vans were never sold and they remained at appellants' place of business. Respondent believed that appellants secretly intended to purchase the vans for themselves at a price significantly below their value and hold respondent for a deficiency.

The trial court ordered the issuance of the ex parte writ of possession. The court conditioned the issuance of the writ on the filing of an undertaking and "payment of all amounts due to this date under the contract," and also stated that this writ was "to be dissolved upon failure to keep all installment payments current, during the pendency of this litigation or further order."

Appellants then filed an ex parte application to recall the order for a writ of possession or to quash the writ of possession. The application was denied, but the court modified its order to delete the various conditions described above with the exception of the undertaking. The court also delayed for 10 days the issuance of the writ and required respondent to give appellants $10,000, "[s]aid sum representing payment under the retail installment contract."

Appellants contend that the trial court erred in: (i) finding that respondent presented sufficient evidence to warrant issuance of a writ of possession ex parte, and (ii) refusing to quash the writ of possession issued in favor of a party that had defaulted in its installment contract payments. We agree with appellants' first contention, and therefore need not discuss the second contention.

California's claim and delivery law (Code Civ. Proc., §§ 511.010-516.050) authorizes the issuance of a prejudgment writ of possession for specific personal property. The writ can be ordered after a hearing if the respondent establishes the probable validity of his claim to possession of the property, provides an undertaking, and establishes probable cause to believe that the property is located where respondent alleges it to be. (Code Civ. Proc., § 512.060.)

A writ of possession may issue ex parte if in addition to the foregoing the court finds that probable cause appears, as is pertinent here, that:

"(3) The defendant acquired possession of the property in the ordinary course of his trade or business for commercial purposes and: ....

"(ii) There is an immediate danger that the property will become unavailable to levy by reason of being transferred, concealed, or removed from the state or will become substantially impaired in value by acts of destruction or by failure to take care of the property in a reasonable manner; and

"(iii) The ex parte issuance of a writ of possession is necessary to protect the property." (Code Civ. Proc., § 512.020, subd. (b)(3).)

The facts do not show *an immediate danger that the property will become unavailable to levy* by reason of being transferred, concealed or removed from the state. At most, the facts show that appellants repossessed the vans and intended at some future time to sell them. **(1)** The burden was on respondent to show that there was an immediate danger of the vans being transferred, concealed or removed. It failed to meet that burden. Respondent also failed to offer any evidence of an immediate danger that the vans would become substantially impaired in value by acts of destruction or by failure to take care of the property in a reasonable manner. Thus the court could not find that respondent had shown sufficient evidence to comply with subdivision (3)(ii).

Moreover, respondent offered no evidence that a forced transfer of possession to respondent was necessary to protect the property, as required by subdivision (3)(iii). The less drastic remedy of a temporary restraining order, issued pursuant to Code of Civil Procedure section 513.010, would have sufficed to prevent any sale contemplated by appellants and would have assured that appellants safeguarded the vans. Code of Civil Procedure section 512.020, subdivision (b), permits transfer of possession of property only when less intrusive remedies would be ineffective. Respondent failed to offer any evidence that a temporary restraining order would not have been effective to preserve the status quo and protect the property from harm while the rights of the parties were being adjudicated.

An ex parte writ of possession is a drastic remedy which is disfavored except in the narrowly drawn, exigent circumstances set forth in this statute. The California Supreme Court stated in *Blair* v. *Pitchess* (1971) 5 Cal.3d 258 [96 Cal.Rptr. 42, 486 P.2d 1242, 45 A.L.R.3d 1206] that an ex parte writ of possession can issue only if it is justified

by weighty state or creditor interests. The court said that where "a very real danger may exist that the debtor may abscond with the property or that the property will be destroyed" an ex parte procedure may be constitutional. (At p. 278.) In the case before us there is no evidence to suggest that appellants would have absconded with the property or that the property would have been destroyed.

■ In reviewing the trial court's orders, we note the court conditioned the issuance of the ex parte writ of possession on respondent's correcting its default inasmuch as the court conditioned issuance of the writ on payment of amounts then due under the contract. Although the court may have been trying to restore the status quo which existed prior to respondent having returned the vans, this is an inappropriate use of the writ of possession, which is an extraordinary remedy that requires the greatest state or creditor interest to justify seizure of property without prior notice and an opportunity to be heard.

We conclude that the trial court could neither find an immediate danger that the property would become unavailable to levy or become substantially impaired in value, nor that the ex parte writ was necessary to protect the property. Accordingly, we conclude the trial court erred in ordering the issuance of a writ of possession ex parte. Because we have held that the order issuing the writ of possession ex parte was in error, it is unnecessary to discuss further appellants' second contention that the court erred in refusing to recall its order and quash the writ.

The orders are reversed.

Woods, Acting P. J., and McClosky, J., concurred.